Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 13 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. JOSHUA K. YOSHIMURA           Docket No. CR 03-00318SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JOSHUA K. YOSHIMURA who was sentenced to supervised release by the Honorable Edward F. Shea sitting in the Court at Honolulu, Hawaii, on the 17th day of February 2004, who fixed the period of supervised release at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed the special conditions and term as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. That the defendant execute any and all disclosures for release of information.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office. That the defendant execute any and all disclosures for release of information.

On 10/12/2005, the Court modified the subject's conditions of supervised release, based upon violations that included the submission of a positive urine specimen for and admissions of methamphetamine and cocaine use. The Court modified the General Condition and Special Condition No. 5 as follows:

General Condition - That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 5 - That the defendant shall not possess or consume alcohol for the duration of the supervised release term.

Prob 12C
(Rev. 1/06 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his Supervised Release (Probation Forms 7A and 12B are attached) as follows:

1. On 12/3/2007 and 12/6/2007, the offender refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1.

2. On 12/4/2007, the offender admitted to the possession and use of Vicodin on 12/1/2007, an illicit substance, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/6/2007

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 11th day of December, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:   YOSHIMURA, Joshua K.
      Docket No. CR 03-00318SOM-01
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Counseling, Commanding, and Procuring the Possession of an Unregistered Firearm, in violation of 18 U.S.C. § 2(a) and 26 U.S.C. §§ 5845(a)(1) and 5861(d), a Class C felony. On 2/17/2004, he was sentenced to eighteen (18) months imprisonment to be followed by three (3) years supervised release. The terms and conditions of supervised release include those listed on the facesheet of this petition.

The offender's term of supervised release began on 4/29/2005. On 10/12/2005, the Court modified the subject's conditions of supervised release, based upon violations that included the submission of a positive urine specimen for and admissions of methamphetamine and cocaine use. The modified terms and conditions of supervised release include those listed on the facesheet of this petition.

The offender is 27 years old and has been on supervised release for approximately thirty-two (32) months. In the past, the offender has resided with his ex-girlfriend and child in the Hilo area on the island of Hawaii. Due to a recent breakup, the offender now resides with his mother and father at 100 Palua Loop, Hilo, Hawaii. The offender is currently undergoing substance abuse treatment at the Drug Addiction Services of Hawaii, Inc. (DASH), and attends an individual counseling session with the DASH counselor every other week. The offender is also receiving mental health treatment from a licensed therapist. The offender is currently employed as an apprentice electrician.

At this time, the offender's conduct warrants his return to custody and appearance before the Court. On 9/6/2007, this officer received information from the Bureau of Immigration and Customs Enforcement and Hawaii County Police Department investigators that a package, addressed to the offender, had been intercepted. The package contained one hundred (100) Soma pills. Soma is a muscle relaxant and is on the list of controlled substances regulated by the State of Hawaii. Investigators indicated that a controlled delivery would be attempted the next day. On 9/7/2007, investigators indicated that a controlled delivery had been effected and the offender had accepted the package. The offender was not arrested and released from detention pending investigation. Investigative reports have not been made available to the Probation Office.

On 9/11/2007, the offender met with this officer and Supervising U.S. Probation Officer Gene DeMello, Jr. On that date, the offender admitted to bringing in the Soma tablets after ordering them on the internet. The offender indicated that he thought it was legal to do so. The offender related that he had broken his leg previously and still

Re:  YOSHIMURA, Joshua K.
Docket No. CR 03-00318SOM-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 2

felt pain in his leg while at work. The offender admitted that he had continued to procure, possess, and use Soma and Vicodin after his legal prescriptions had lapsed. Medical records corroborating the broken leg were reviewed by this officer. The offender appeared remorseful and wished to enter into treatment. Pending the outcome of the investigation and charge, the offender was immediately placed on the most restrictive phase of substance abuse monitoring and counseling at DASH. The offender was also ordered to resume treatment with his mental health therapist, and to seek the services of a pain management professional. The offender was instructed to not use Vicodin improperly.

Since then, and on 12/1/2007, the offender purchased Vicodin from an unauthorized source and without a prescription. The offender then used the Vicodin after an argument with his girlfriend. The violations are as follows:

**Violation No. 1 - On 12/3/2007 and 12/6/2007, the Offender Refused to Comply With Drug Testing Imposed as a Condition of Supervised Release on 12/3/2007 and 12/6/2007; and Violation No. 2 - the Offender Admitted to the Possession and Use of Vicodin on 12/1/2007:** On 12/3/2007, the offender failed to report for drug testing at DASH. Despite multiple calls to the offender's home and cellular phone, this officer did not receive any calls from the offender on this date.

On 12/4/2007, this officer called the offender's home and spoke to the offender's father. The offender indicated that he was sick and admitted to failing to report for drug testing at DASH on 12/3/2007 (**Violation No. 1**). The offender was instructed to proceed to DASH and provide a urine specimen. According to DASH personnel, the offender appeared for drug testing on 12/4/2007, approximately 10 to 15 minutes before closing. The offender was apparently unable to provide a urine specimen and was instructed to return the next day. On the afternoon of 12/4/2007, the offender telephoned this officer and stated that he needed to talk to this officer. The offender admitted that he had made a mistake and had possessed and used Vicodin on Saturday, 12/1/2007 (**Violation No. 2**). When the offender was asked to identify the triggers to his relapse, he related that he had an argument with his ex-girlfriend on Saturday at noon. After the argument, the offender purchased twenty Vicodin pills. The offender admitted to taking all twenty pills in increments of five. The offender indicated that he just wanted to forget about his argument with his girlfriend. This officer admonished the offender. This officer instructed the offender to provide a urine specimen at DASH the next day, inform his DASH counselor as to his relapse, and also report to his mental health therapist. This officer also related to the offender that he should refrain from speaking to his ex-girlfriend for the time being.

Re: YOSHIMURA, Joshua K.
Docket No. CR 03-00318SOM-01
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

  On 12/6/2007, the offender failed to report for drug testing at DASH. This officer called the offender who answered and admitted that he had indeed failed to report for drug testing (**Violation No. 1**). The offender indicated that he thought that he had already provided a urine specimen for this week. The offender was admonished once again and instructed to provide a urine specimen at DASH the next day.

  Based on the offender's instability at this time, coupled with the facts associated with the instant offense, present conduct and the alleged violations, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

            Respectfully submitted by,

            _____
            KEVIN S. TERUYA
            U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

KST/pts

Re:   **YOSHIMURA, Joshua K.**
      **Docket No. CR 03-00318SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: Joshua K. Yoshimura
Address: 703 Kupulau Road
Hilo, Hawaii 96720

Docket No.  CR 03-00318SOM-01

    Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Edward F. Shea, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (4/29/05).

    While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

    If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support his or her dependents and meet other family responsibilities;

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)   That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. That the defendant execute any and all disclosures for release of information.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    2-16-05
         JOSHUA K. YOSHIMURA                  Date
         Defendant

         _____    2/14/05
         LISA K.T. JICHA                      Date
         U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE: YOSHIMURA, Joshua K.
Docket No. CR 03-00318SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(2)   *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

(3)   *That the defendant provide the Probation Office access to any requested financial information.*

(4)   *That the defendant participate in a mental health program at the discretion and direction of the Probation Office. That the defendant execute any and all disclosures for release of information.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     2-16-0⁸
          JOSHUA K. YOSHIMURA                   Date
          Defendant

          _____     2/16/05
          LISA K.T. JICHA                       Date
          U.S. Probation Officer

PROB. 12B
(7/93)

**RECEIVED**
OCT 17 2005
U.S. PROBATION OFFICE
HONOLULU, HAWAII

## United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 17 2005

at __10__ o'clock and __17__ m. __A__ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JOSHUA K. YOSHIMURA    Case Number: CR 03-00318SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 2/17/2004

Original Offense:   Count 2: COUNSELING, COMMANDING, AND PROCURING THE POSSESSION OF AN UNREGISTERED FIREARM, in violation of 18 U.S.C. § 2(a) and 26 U.S.C. §§ 5845(a)(1) and 5861(d), a Class C felony

Original Sentence:   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 months to be followed by 3 years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. That the defendant execute any and all disclosures for release of information; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; and 4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office. That the defendant execute any and all disclosures for release of information.

Type of Supervision: Supervised Release   Date Supervision Commenced: 4/29/2005

### PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:**   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no*

Prob 12B
(7/93)

2

> more than eight valid drug tests per month during the term of
> supervised release, unless there is a positive drug test, in
> which event the maximum shall increase to up to one valid
> drug test per day (mandatory condition).

**Special Condition No. 5:** *That the defendant shall not possess or consume alcohol for the duration of the supervised release term.*

### CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | On 9/19/2005, the offender submitted a urine specimen that was confirmed positive for methamphetamine and cocaine. |
| 2. General Condition | On 9/20/2005, the offender admitted that he used methamphetamine and cocaine on or about 8/20/2005 and again on or about 9/17/2005 and 9/18/2005. |

U.S. Probation Officer Action:

On 9/19/2005, the offender submitted a urine specimen at the Drug Addiction Services of Hawaii, Inc. (DASH), in Hilo, that was later confirmed positive for methamphetamine and cocaine by Quest Diagnostic Laboratories.

On 9/20/2005, when questioned about the positive urine specimen, the offender readily admitted that he had used methamphetamine and cocaine on or about 9/17/2005 and 9/18/2005. Upon further questioning, the offender admitted that he had also used methamphetamine and cocaine on or about 8/20/2005. When the offender was asked to identify the triggers to his relapse, he admitted that he had been using alcohol regularly with friends and stated that historically, alcohol use has always led to his relapse on illicit drugs. When the offender was reminded that he was directed to abstain from alcohol while in the drug aftercare program with DASH, he admitted that he was aware of this directive but used alcohol anyway.

On 9/20/2005, the offender was verbally admonished and instructed to comply with the following: 1) abstain from alcohol and illicit drugs; 2) continue to respond to random drug testing at DASH; 3) comply with an increase in individual counseling sessions at DASH; 4) attend and participate in mental health counseling with a psychiatrist; and 5) attend at least two Alcoholics Anonymous/Narcotics Anonymous (AA/NA) meetings per week and verify with a sign-in sheet.

It should be noted that prior to the offender's relapse, he submitted approximately 15 urine specimens, all of which tested negative for illicit drugs. Since his admitted relapse, the offender has submitted two urine specimens which has tested negative for illicit drugs and has complied with all the instructions issued to him on 9/20/2005.

Prob 12B
(7/93)

3

To the offender's credit, upon his release, the offender began working for Altres Staffing in Hilo, a temporary employment agency, participated in counseling and random drug testing at DASH, and began seeing a psychologist to address his reported history of depression. In addition, the offender was accepted into the Fall 2005 Electrician School at Hawaii Community College, where he is currently attending full-time while he continues to work part-time for Altres Staffing. Lastly, the offender voluntarily disclosed his relapse to his girlfriend and his parents, all of whom have continued to be supportive of the offender's recovery.

Based on the offender identifying his alcohol use as a relapse trigger, coupled with the violations, the additional conditions are appropriate at this time. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modifications of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 10/11/2005

THE COURT ORDERS:

[✓] The Modifications of Conditions as Noted Above
[ ] Other

OCT 12 2005

SUSAN OKI MOLLWAY
U.S. District Judge

10/13/05
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓] To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition No. 5:** That the defendant shall not possess or consume alcohol for the duration of the supervised release term.

Witness: _____
LISA K.T. JICHA
U.S. Probation Officer

Signed: _____
JOSHUA K. YOSHIMURA
Supervised Releasee

10-5-05
Date